**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

ANDREW R. PERRONG
1657 THE FAIRWAY #131
JENKINTOWN, PA 19046

       Plaintiff

v.

HB NORTH WELLNESS LLC
D/B/A "POSH PRODUCTS"
407 FOURTH COVE
MOUNTAIN VIEW, MO 65548,

AND

HAZEL BROOKS
407 FOURTH COVE
MOUNTAIN VIEW, MO 65548

       Defendants.

Case No.

JURY TRIAL DEMANDED

---

**Preliminary Statement**

1.    Plaintiff Andrew R. Perrong ("Plaintiff"), brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance calling practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012).

2.    Plaintiff alleges that HB North Wellness LLC, which does business under the unregistered fictitious names "Posh Products" and "Get Pharmacy," and its owner, Hazel Brooks, commissioned a series of automated illegal telemarketing "robocalls" to sell illegal Viagra (Sildenafil Citrate) tablets and other prescription medications to individuals without a prescription. These calls were sent to a telephone number listed on the National Do Not Call

1

Registry and which is a cellular telephone number, like Mr. Perrong's number, which is prohibited by the TCPA. The calls were made either directly by Brooks, or her agents, for her company HB North Wellness LLC.

3.    The Plaintiff never consented to receive such calls, which were placed to him for telemarketing purposes.

## Parties

4.    Plaintiff Andrew R. Perrong is a Pennsylvania resident, and a resident of this District.

5.    Defendant HB North Wellness LLC has its principal place of business at 407 Fourth Cove, Mountain View, MO 65548, which lies within the Western District of Missouri.

6.    Defendant Hazel Brooks is domiciled and resides at 407 Fourth Cove, Mountain View, MO 65548, which lies within the Western District of Missouri.

## Jurisdiction & Venue

7.    The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740 (2012).

8.    Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls and text messages to the Plaintiff were placed into this District.

## The Telephone Consumer Protection Act

9.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the automated calling industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

2

<u>The TCPA Prohibits all Automated Calls To Protected Numbers</u>

10.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

11.     Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), or because the numbers are assigned to services for which the called party is charged, thus shifting the cost of automated or prerecorded telephone calls onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

12.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live calls, and such calls can be costly and inconvenient.

13.     Under the TCPA, a text message is treated as a call. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).

14.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

15.     This cause of action applies to users of any one of the four protected services (pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch systems], or another radio common carrier service [i.e. ship-to-shore or air-to-ground]), or any service, including residential, VoIP, and landline services, for which the called party is charged for the call. *See Perrong v. Victory Phones LLC*, No. CV 20-5317, 2021 WL 3007258, at *6 (E.D. Pa. July 15, 2021).

16.     "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes *any* non-consensual calls made for non-emergency purposes, regardless of *whether or not* they are informational, telemarketing, telephone solicitations, or similar such calls. *See* FCC Enforcement Advisory: *Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse*, 31 FCC Rcd. 1940, 1941 n.6 (2016) [hereinafter FCC Advisory].

The National Do Not Call Registry

17.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

18.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

19.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers whose numbers are on the Registry and provides

a private right of action against any entity that makes those calls, or "on whose behalf" such calls

are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

Liability Under The TCPA

20.     Defendant Hazel Brooks is the owner and operator of HB North Wellness LLC,

and is therefore responsible for any conduct purportedly carried out only in such name.

21.     Under the TCPA, an individual such as Brooks may be personally liable for the

acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or
> employed by any common carrier or user, acting within the scope of his
> employment, shall in every case be also deemed to be the act, omission, or failure
> of such carrier or user *as well as of that person*.

47 U.S.C. § 217 (emphasis added).

22.     Brooks personally participated in the actions complained of by: (a) personally

selecting the phone numbers that would be called; (b) approving the scripting and sales

procedures that would be used on the calls; (c) selecting the dialing equipment or supplier of the

same used to make the calls; (d) personally paying for the calls; (e) providing the telephone,

credit card, merchant processing, and other business services for an illegal prescription drug

sales and distribution operation; and (f) personally benefitting from the sales of the same.

Defendants' Business Operations

23.     Defendant HB North Wellness LLC is, quite simply, *inter alia*, a front for illegal

drug operations whereby illegal Viagra (Sildenafil Citrate) tablets and other prescription

medication is sold to individuals through the telephone.

24.     Defendant Hazel Brooks owns HB North Wellness.

25.     Upon information and belief, HB North has a partnership with a call center and

drug distribution company/operation overseas in India.

26.     HB North's business model operates by profiting off credit card, merchant processing, telephone, and other US-based business services it provides, which are not available to overseas entities, to the Indian-based call center and illegal drug distribution operation.

27.     HB North provides these services to the operators overseas in exchange for a cut of the illegal proceeds of the sales of prescription medication sold via the telephone. It then remits the remainder to the principal operators overseas, including "Shabib" and Saeed Ansari, who reside in Bombay, India.

28.     Upon information and belief, HB North, which operates no fewer than three websites, including by the name of "Posh Products," is so named to mislead credit card merchant processing companies and law enforcement from the true nature of their business conduct and instead sound like some sort of wellness, clothing products, or electronics retailer.

29.     Defendants use telemarketing to solicit customers for prescription medication via the call center in India, as they did with the Plaintiff.

30.     Defendants are not registered as telemarketers with the Attorney General of Pennsylvania.

31.     One of the strategies used by Defendants involves the use of automated calls.

32.     Defendants send out these call blasts *en masse* to telephone numbers throughout the area, hoping they reach someone interested in purchasing prescription medication through them without needing a prescription.

The Calls to Mr. Perrong

33.     Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

6

34.     Plaintiff listed his residential telephone number (the "Number"), 215-208-XXXX, on the National Do Not Call Registry on December 18, 2014, and the number has been on the Registry continuously since that time.

35.     The Plaintiff has also listed the Number on the Pennsylvania Do Not Call Registry, and it has been on such registry for over a year prior to the calls at issue.

36.     The Number is used as a residential line and for residential purposes.

37.     The Number is not associated with a business.

38.     The Number is assigned to a cellular telephone.

39.     Despite this, the Defendants placed at least seven telemarketing calls and two telemarketing text messages to the Number on October 7 and October 22, 2022.

40.     On October 7, 2022 at 1:20 PM, the Plaintiff received a call from the Defendants with the caller ID 215-247-1386.

41.     This call came from a "spoofed" caller ID, as the telephone number is that for a local resident.

42.     Plaintiff declined the call and the call went to voicemail, but no message was left.

43.     Despite doing nothing, Plaintiff received another call on October 22, 2022 at 2:26 PM from the caller ID 215-288-3382.

44.     The Plaintiff answered this call, which was again "spoofed" to appear from a local resident.

45.     When the Plaintiff answered, there was a brief period of silence before a foreign-sounding individual came on the line. The individual then proceeded to offer the Plaintiff prescription drugs, including 300 pills of 50mg Sildenafil Citrate (generic Viagra) for $200.

46.     Plaintiff knew that it would not be easy, or potentially impossible, to identify the caller without placing an order. Accordingly, Plaintiff provided his credit card number to see what merchant would charge his card and thereby identify the true identity of the caller. Plaintiff was transferred to a supervisor named "Shabib" to complete the order.

47.     Thereafter, at 2:58 PM, the Plaintiff received the following string of text messages from the number 415-500-0512. This number is serviced by the anonymous bulk texting and calling service TextNow. The Plaintiff does not allege that the following messages violated the TCPA at this time, but reserves the right to amend his complaint to allege that they did as the case progresses:

"Hay hi Andrew"

"Though you have placed an order with us for Via 50mg 300 pills for $200."

"Your card will be charged through ONE OF these billing names"

"1. Paypal  Nautical"

"2. Posh Product"

"3. US Gadget"

"You will receive the package in 15 to 40 working days"

"Toll-free: 1855 666 1261"

"Cellphone: (415) 500-0512"

"getpharmacy.1986@gmail.com"

"+91 9967738326(whatsapp number)"

"Reply to me in Yes to process the order?"

`"Please reply Yes to this message as a confirmation of your order."`

48.     Shortly thereafter, Plaintiff received a fraud alert on his credit card indicating a declined attempted charge of $200 at posh-products.com. Plaintiff further confirmed with his credit card company that the telephone number for the merchant was 818-293-4771.

49.     The posh-products.com website holds itself out as a retailer of electronic gadgets. On the bottom of the website, the website lists it is owned by HB North Wellness LLC, provides Defendants' address, and contains the same 818-293-4771 telephone number as confirmed by Plaintiff's credit card company. *See* HB NORTH WELLNESS LLC, https://posh-products.com/ [https://archive.ph/FEJNt].

50.     As the Plaintiff affirmatively identified the entity responsible for the illegal calls, Plaintiff texted "Stop" to the number 415-500-0512 at 4:17 PM.

51.     Almost immediately, Plaintiff received a response from the 415-500-0512 number:

`"Though you have placed an order with us for Via 50mg 300 pills for $200."`

52.     This message was followed up by two telephone calls from that number at 4:17 PM, which the Plaintiff declined.

53.     At 4:18 PM, the Plaintiff also responded "Stop" again to these messages.

54.     Despite texting "Stop" a second time, at 4:21 PM, the Plaintiff received a call from 215-247-1386. This is identical to the caller ID for the call Plaintiff received on October 7. When the Plaintiff answered, after a short delay, a foreign individual came on the line and stated he was calling from "Get Pharmacy." Plaintiff stated, "I told you, I told you people not to . . .". At this point, the individual on the line hung up.

55.     Despite this clear direction not to be contacted orally as well as textually, the Plaintiff received another message from the 415-500-0512 number at 4:24 PM:

> "You dont want that MEdication?"

56.     Despite not responding to this message, Plaintiff received two additional calls from the Defendants using the 415-500-0512 number.

57.     The first call came at 4:29 PM. During this call, "Shabib" attempted to sell the Plaintiff drugs again. The Plaintiff stated multiple times that he did not want to be contacted, that he did not want anything, and that the calls were illegal and that he would file suit over them.

58.     The second call came at 8:03 PM, despite Plaintiff making clear he did not want to be contacted. During that call, "Shabib" inquired if Plaintiff was taking any other medications he might be interested in purchasing. Plaintiff stated he did not want to be contacted and asked questions to ascertain the nature of the illegal operation, but "Shabib" hung up on Plaintiff.

59.     To the best of Plaintiff's knowledge, none of the Defendants, the Indian entity Get Pharmacy, or the persons to whom Plaintiff spoke are doctors, pharmacists, licensed as a pharmacy, or licensed under any authority or capacity to dispense any prescription medication, including, but not limited to, Viagra (sildenafil).

60.     Prior to filing this complaint, the Plaintiff contacted "Shabib" at the +91 9967738326 number via WhatsApp to ascertain the nature of his illegal activity, Defendants' involvement therein, and obtain details about the calling conduct.

61.     Shabib's "business colleague" admitted that HB North was in some way connected with Defendants, used an outbound dialer with a list to contact the Plaintiff, and stated that the Plaintiff should contact the number in the morning in the USA to contact "Shabib."

62.     Because Plaintiff asked to be placed on Defendants' Do-Not-Call list and was not, it is evident that Defendants do not maintain such a list. Likewise, based on this fact, it is clear that Defendants do not have any Do-Not-Call policies or procedures in place. Based on the nature of their illegal activities, Defendants' noncompliance with the law in this regard is unsurprising.

63.     Upon information and belief, Plaintiff spoke to Saeed Ansari. Mr. Ansari's Facebook profile includes multiple postings on the "My Mumbra" Facebook group with job postings for Get Pharmacy's call center in the JMS Business Centre in Bombay. The listing confirms that Defendants operate an "outbound" call center. Saeed Ansari, My Mumbra - मी मुंब्रेकर, Facebook (October 18, 2022, 5:30 AM), https://www.facebook.com/groups/nicemumbra/posts/8087039411370631/

[https://archive.ph/2UgLu]



**Saeed Ansari** shared a link.
October 18 at 5:30 AM · 🌐

*GET PHARMACY LLP*
  WE'RE HIRING
         join our team
 US OUTBOUND CALL CENTER
 *JOB TITLE* Sales executive
*QUALIFICATION* 10th 12th pass
 **CORE* *SKILL**Excellent command in sales & Fluent English
 *EXPERIENCE* 6 month to 1 year
 *FRESHERS* Also welcome
 *SALARY* 15k to 25k
 *INCENTIVE* spot+weekly+monthly
 *TRAVELING ALLOWANCE* Yes
Working hours 9:pm to 6:am
 *LOCATION*Andheri East
Send your CV
 🔴 9820245505
 📧 info@getpharmacy.us

Defendants' Use of an ATDS

64.     The calls and text messages were conducted and sent using an Automatic

Telephone Dialing System (ATDS). As the Supreme Court recently clarified, the key feature of

an ATDS is the capacity to store numbers to be called using a random or sequential number

generator or to produce numbers to be called using a random or sequential number generator.

*Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021).

65.     The Third Circuit recently clarified that "Congress envisioned a broad

understanding of 'equipment'" that constitutes an ATDS. It also clarified that the analysis of

whether an ATDS was used in violation of the TCPA centers around "whether the defendant

employ[s] [ATDS] capacities to make automated calls," *Panzarella v. Navient Sols., Inc.*, 37

F.4th 867, 873, 878 (3d Cir. 2022). In so doing, it held that Congress intended to "ban all

autodialed calls" because Congress "found autodialer technology to be uniquely harmful." *Id.* at

879 (cleaned up).

66.     In enacting the ATDS prohibition, the Third Circuit cited favorably to

Congressional understanding "that telemarketers could transform ordinary computers into

autodialers through minor and inexpensive modifications," including by "relying on

computerized databases containing telephone numbers during their dialing campaigns." *Id.* at

880 (cleaned up). The Third Circuit held that, in passing the TCPA's ATDS prohibition,

Congress intended to remedy the problems caused by callers using computer software to dial

numbers randomly or sequentially from a list or database. *See id.*

67.     The system(s) Defendants used to place the calls to Plaintiff is/are an ATDS

because it requires sophisticated equipment to "spoof" caller ID numbers, including to those of

random area residents. It follows that if the dialer has the capacity to store or produce random

numbers to transmit a caller ID, it also has the capacity to store or produce random telephone

numbers to be dialed, especially because the equipment needed to manipulate a caller ID to

display a random number is far more sophisticated than the equipment needed to place a call to a

random telephone number.

68.     Moreover, Defendants used the TextNow service to place some of the calls at

issue. The TextNow service is an ATDS because it allows an individual to send text messages

and telephone calls *en masse* using a computer web browser, including from multiple devices at

once. *See* Kevin, *The Secret TextNow Feature for Multiple Devices*, TEXTNOW BLOG (Aug. 5,

2022), https://www.textnow.com/blog/the-secret-textnow-feature-for-multiple-devices

[https://archive.ph/FUbz2].

69.     It is a well-known fact in the telemarketing industry that the free TextNow service

can be used to make unlimited free automated calls to US telephone numbers from call centers

overseas. *Autodial Unlimited USA Numbers Using Calley & TextNow*, CALLEY (Sept. 9, 2022),

https://www.getcalley.com/autodial-us-numbers-calley-textnow/ [https://archive.ph/Y7iEv].

70.     As this Court has remarked, other courts have held, post-*Facebook*, that

allegations similar to those as here of the absence of a relationship between the parties, and the

random nature of the automation device, are all indicia of use of a random or sequential dialing

device that gives rise to the inference at the pleadings stage that an ATDS was used to make the

calls. *See Camunas v. Nat'l Republican Senatorial Comm.*, No. 21-1005, 2021 U.S. Dist. LEXIS

100125 at *11 (E.D. Pa. May 26, 2021).

71.     No facts exist here to support the conclusion that Defendants were calling from a

curated list of their past customers, particularly as Plaintiff has never done business with

Defendants. By contrast to a company that dials calls *en masse* to multiple individuals randomly

or from a list of telephone numbers (as here), a company that calls its existing customers

utilizing an imported customer list does not place calls using an ATDS because such calling uses

a database targeting existing customers' information rather than computer-generated tables or

lists of individuals to be called. *See Panzarella*, 37 F.4th at 881–882.

72.     Plaintiff is ignorant of the exact process by which the system(s) used by the

Defendants operate other than drawing the reasonable inference and making the allegation that it

stores or produces telephone numbers randomly or possibly sequentially based on the facts

ascertainable from the calls he received, as outlined above. Indeed, as at least one district court

explained, "The newly clarified definition of an ATDS is more relevant to a summary judgment

motion than at the pleading stage." *Gross v. GG Homes, Inc.*, No. 3:21-cv-00271-DMS-BGS,

2021 WL 2863623, at *7 (S.D. Cal. July 8, 2021); *accord Miles v. Medicredit, Inc.*, No. 4:20-cv-

01186-JAR, 2021 WL 2949565 (E.D. Mo. July 14, 2021).

Defendants' Conduct Violates the TCPA

73.     The communications received by Plaintiff demonstrate that they were sent for the

purpose of encouraging the purchase or rental of, or investment in, property, goods, or services

as they sought to have him purchase prescription drugs. The calls therefore qualified as

telemarketing. 47 C.F.R. § 64.1200(f)(12).

74.     Defendant Hazel Brooks made the automated calls. She either physically

programmed the automatic dialer to dial them or instructed and assisted others to do the same.

She benefitted from the calls personally and personally was enriched by the illegal business

arrangement of her company, which she owns and runs, of providing business services to Get

Pharmacy which would otherwise not be available in India.

75.     Defendants were instrumental to the success of Get Pharmacy's Indian operations

and India-originated calling campaign. Without the credit card processing services provided by

14

Defendants, Get Pharmacy's call center operations would be useless as they would not be able to collect payment for the drugs they sell over the telephone.

76.     The Plaintiff never provided his consent or requested these calls.

77.     The Plaintiff never did any business with the Defendants nor with Get Pharmacy.

78.     Defendants called multiple times, despite Plaintiff's number being on the National Do Not Call Registry, and despite numerous requests to stop.

79.     Based on this fact, it is evident that Defendants do not maintain Do Not Call policies and procedures as required by law, nor do they maintain an internal Do Not Call list.

80.     Plaintiff was harmed by these calls. He was temporarily deprived of legitimate use of his phone because his phone line was tied up during the automated calls and his privacy was improperly invaded. The Plaintiff was charged for the calls. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

**Legal Claims**
**Count One:**
**Violation of the TCPA's Prohibition Against Automated Calling**
**With an Automatic Telephone Dialing System (ATDS)**

81.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

82.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the telephone number(s) of Plaintiff using an ATDS.

83.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff is

entitled to an award of $500 in damages for each and every call made to his telephone number for which he is charged for the call using an ATDS in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

84.    Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any number using an artificial or prerecorded voice in the future.

85.    The Defendants' violations were wilful and/or knowing.

**Count Two:**
**Violation of the Pennsylvania Telemarketer Registration Act**
**73  Pa. Cons. Stat. § 2241**

86.    By placing at least nine telemarketing calls to the Plaintiff without registering as telemarketers under Pennsylvania law, Defendants, jointly and severally, violated 73 Pa. Cons. Stat. § 2243. Moreover, by failing to identify themselves in the messages, Defendants, jointly and severally, violated 73 Pa. Cons. Stat. § 2245.1.

87.    This constitutes nine violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. 73 Pa. Cons. Stat. § 2246(a).

88.    The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the Pennsylvania Telemarketer Registration Act (PTRA), 73 Pa. Cons. Stat. § 2241, including by making calls to Plaintiff's number, on the Pennsylvania Do-Not-Call registry, without registration.

89.    As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on their behalf's violations of the PTRA, 73 Pa. Cons. Stat. § 2241, Plaintiff is

entitled to an award of $300 in damages for each and every call made to his telephone number in violation of the statute, pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201. *See* 73 Pa. Cons. Stat. § 2246(a).

90.     Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on their behalf from violating the PTRA in the future.

**Count Three:**
**Violation of the TCPA's Implementing Regulations**
**Codified at 47 C.F.R. § 64.1200**

91.     By placing at least nine telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry, failing to have a written Do-Not-Call policy, and failing to maintain the Plaintiff on their Do-Not-Call list, Defendants, jointly and severally, violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).

92.     This amounts to twenty-seven violations since Defendants committed three violations per call. The first violation is calling a number on the national Do-Not-Call registry. 47 C.F.R. § 64.1200(c)(2). The second violation is by calling Plaintiff without having a Do-Not-Call policy in place. 47 C.F.R. § 64.1200(d)(1). The third violation is by calling Plaintiff without maintaining the Plaintiff on their internal Do-Not-Call list. 47 C.F.R. § 64.1200(d)(6).

93.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute at least twenty-seven violations of the TCPA, 47 U.S.C. § 227(c), codified at 47 C.F.R. § 64.1200, by, *inter alia*, refusing to scrub against the National Do-Not-Call registry, refusing to maintain Mr. Perrong's number on an internal Do-Not-Call list, and failing to have a Do-Not-Call policy.

94.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on their behalf's violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).

95.     Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on their behalf from violating the TCPA, 47 U.S.C. § 227(c), by making calls in violation of any of the TCPA's implementing regulations in the future.

96.     The Defendants' violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B).

## Relief Sought

WHEREFORE, Plaintiff requests the following relief:

A.     Injunctive relief prohibiting Defendants from calling telephone numbers using an artificial or prerecorded voice and/or ATDS.

B.     Because of Defendants' violations of the TCPA, Plaintiff seeks for himself $500 in damages for each violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3) or 47 U.S.C. § 227(c)(5).

C.     Because of Defendants' violations of the PTRA, Plaintiff Perrong seeks for himself $300 in damages for each violation, pursuant to 73 Pa. Cons. Stat. § 201-9.2(a).

D.    Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: **October 24, 2022**

_____/s/_____
Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ANDREW R. PERRONG<br>1657 THE FAIRWAY #131, JENKINTOWN, PA 19046 | HB NORTH WELLNESS LLC<br>407 FOURTH COVE, MOUNTAIN VIEW, MO 65548 |
| **(b)** County of Residence of First Listed Plaintiff  MONTGOMERY<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant  HOWELL<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>ANDREW R. PERRONG (PRO SE); 1657 THE FAIRWAY<br>#131, JENKINTOWN, PA 19046; 215-791-6957 | Attorneys *(If Known)* |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government<br>Plaintiff

☒ 3  Federal Question<br>*(U.S. Government Not a Party)*

☐ 2  U.S. Government<br>Defendant

☐ 4  Diversity<br>*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>   & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>   Student Loans<br>   (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>   of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>   Liability<br>☐ 320 Assault, Libel &<br>   Slander<br>☐ 330 Federal Employers'<br>   Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>   Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>   Product Liability<br>☐ 360 Other Personal<br>   Injury<br>☐ 362 Personal Injury -<br>   Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>   Product Liability<br>☐ 367 Health Care/<br>   Pharmaceutical<br>   Personal Injury<br>   Product Liability<br>☐ 368 Asbestos Personal<br>   Injury Product<br>   Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>   Property Damage<br>☐ 385 Property Damage<br>   Product Liability | ☐ 625 Drug Related Seizure<br>   of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>   28 USC 157<br>**INTELLECTUAL<br>PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>   New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>   Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>   3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>   Corrupt Organizations<br>☐ 480 Consumer Credit<br>   (15 USC 1681 or 1692)<br>☒ 485 Telephone Consumer<br>   Protection Act<br>☐ 490 Cable/Sat TV |
| **REAL PROPERTY** | **LABOR** | | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/<br>   Exchange |
| | ☐ 710 Fair Labor Standards<br>   Act<br>☐ 720 Labor/Management<br>   Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>   Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>   Income Security Act | | | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>   Act<br>☐ 896 Arbitration |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>   Accommodations<br>☐ 445 Amer. w/Disabilities -<br>   Employment<br>☐ 446 Amer. w/Disabilities -<br>   Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>   Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>   Conditions of<br>   Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>   Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>   or Defendant)<br>☐ 871 IRS—Third Party<br>   26 USC 7609 | ☐ 899 Administrative Procedure<br>   Act/Review or Appeal of<br>   Agency Decision<br>☐ 950 Constitutionality of<br>   State Statutes |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1  Original<br>Proceeding

☐ 2  Removed from<br>State Court

☐ 3  Remanded from<br>Appellate Court

☐ 4  Reinstated or<br>Reopened

☐ 5  Transferred from<br>Another District<br>*(specify)*

☐ 6  Multidistrict<br>Litigation -<br>Transfer

☐ 8  Multidistrict<br>Litigation -<br>Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TELEPHONE CONSUMER PROTECTION ACT, 47 USC 227; 47 CFR 64.1200
Brief description of cause:
DEFENDANTS CALLED PLAINTIFF IN VIOLATION OF THE TCPA

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION**<br>UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
56,700

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
10/24/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT  _____   APPLYING IFP  _____   JUDGE  _____   MAG. JUDGE  _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1657 THE FAIRWAY #131, JENKINTOWN, PA 19046 _____

Address of Defendant: _____ 407 FOURTH COVE, MOUNTAIN VIEW, MO, 65548 _____

Place of Accident, Incident or Transaction: _____ BY TELEPHONE CALL TO MY PRIVATE TELEPHONE _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/24/2022__     _~~Must sign here~~_     __PRO SE__

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
    *(Please specify):* _____ TCPA _____

**B.**   *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___ ANDREW R. PERRONG ___, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __10/24/2022__     _Sign here if applicable_     __PRO SE__

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)