## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREW R. PERRONG** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **HB NORTH WELLNESS LLC**, *et al.*, | : | **NO. 22-4248** |
| *Defendants* | : | |

### <u>ORDER</u>

**AND NOW**, this _26th_ day of February 2024, upon consideration of the Motion for Default Judgment Against HB North Wellness LLC and Hazel Brooks (Doc. No. 10), Plaintiff's Response to Order to Show Cause (Doc. No. 12), and the defendants' failure to contest the Motion for Default Judgment, it is **ORDERED** that the Motion for Default Judgment Against HB North Wellness LLC and Hazel Brooks (Doc. No. 10) is **GRANTED** as follows:

A.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, given that the controversy arises under the federal Telephone Consumer Protection Act. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Mr. Perrong's claimed violations of the Pennsylvania Telemarketer Registration Act.

B.     The defendants were properly made parties to this action by effective service of the complaint and summons pursuant to Fed. R. Civ. P. 4. *See* Summons Returned Executed, Doc. No. 5; Response to Order to Show Cause, Doc. No. 12.

C.     There is a sufficient basis in the pleadings for a judgment to be entered, because in the complaint, Andrew Perrong alleged facts sufficient to establish that the defendants violated the Telephone Consumer Protection Act and the Pennsylvania Telemarketer Registration Act. *See*

1

*Coach, Inc. v. Ocean Point Gifts*, No. 09-4215, 2010 WL 2521444, at *2 (D.N.J. June 14, 2010) (recognizing that "[t]he Court must determine whether a sufficient cause of action was stated" before entering default judgment); *see also Thomson v. Wooster*, 114 U.S. 104, 113 (1885). Specifically, Mr. Perrong has sufficiently pled: (1) that defendants placed nine calls using an Automatic Telephone Dialing System to a number assigned to a cellular telephone service in violation of 47 U.S.C. § 227(b)(1)(A)(iii); (2) that defendants placed nine telemarketing calls to a number on the Do-Not-Call Registry without either a policy regarding "do not call" requests or an internal "do not call" list in violation of 47 U.S.C. § 227(c)(5) as implemented by 47 C.F.R. §§ 64.1200(c)(2), (d)(1), and (d)(6); and (3) that defendants placed nine telemarketing calls without registering as a telemarketer under Pennsylvania law in violation of 73 Pa. Cons. Stat. §§ 2243, 2245.1, 2245.2.

The Clerk of the Court entered default on January 12, 2023. Given that default was entered, and the defendants have declined to contest the allegations in the complaint, the Court accepts as true the well-pleaded factual allegations of the plaintiff's complaint and treats those allegations as though they were established by proof, except those relating to damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

D.     The Court must consider three factors before entering default judgment "(i) whether the plaintiff will be prejudiced if the default is denied, (ii) whether the defendant has a meritorious defense; and (iii) whether the default was the product of defendant's culpable conduct." *See Eastern Electric Corp. of New Jersey v. Shoemaker Construction Co.*, 657 F. Supp. 2d 545, 551 (E.D. Pa. 2009) (citing *Spurio v. Choice Security Systems, Inc.*, 880 F. Supp. 402 (E.D.

2

Pa. 1995)). In this matter, the Court concludes that the three factors weigh in favor of granting default judgment.

1. Mr. Perrong will be prejudiced by the denial of default judgment because the defendants have infringed his rights under the TCPA, which provides Mr. Perrong with a private cause of action. *See* 47 U.S.C. § 227(b)(3). The defendants have also infringed Mr. Perrong's rights under the Pennsylvania Telemarketer Registration Act, which gives Mr. Perrong a private cause of action under the Pennsylvania Unfair Trade Practices and Consumer Protection Law. *See* 73 Pa. Cons. Stat. § 2246(a); 73 Pa. Cons. Stat. § 201-9.2. In the absence of default judgment, Mr. Perrong will be denied relief.

2. The defendants have failed to assert any defenses (much less meritorious defenses) that would bar Mr. Perrong's claims. Accordingly, the Court considers that the defendants' lack of meritorious defense weighs in favor of granting default judgment.

3. Failure to respond to an adversary's claims "qualifies as culpable conduct with respect to the entry of default judgment." *Eastern Electric Corp.*, 657 F. Supp. 2d at 554. The Court concludes that the default in this matter resulted from the defendants' failure to contest Mr. Perrong's claims, which constitutes culpable conduct.

E.    In light of the defendants' violations of the Telephone Consumer Protection Act and Pennsylvania Telemarketer Registration Act, Mr. Perrong is entitled to the following from the defendants:

1. Statutory damages in the amount of $56,700;[1] and

---

[1]    Mr. Perrong brings two counts under the Telephone Consumer Protection Act and one count under the Pennsylvania Telemarketer Registration Act. "[T]he sum of money at stake in [a Telephone Consumer

2.  A filing fee of $402.[2]

---

Protection Act] action is particularly appropriate for resolution on default judgment because . . . damages are specifically set by statute." *Righetti v. Authority Tax Services LLC*, No. C-14-0146 EMC, 2015 WL 4089799, at *3 (N.D. Cal. July 6, 2015). The same logic applies to the Pennsylvania Telemarketer Registration Act, which also sets damages by statute. *See* 73 Pa. Cons. Stat. §§ 2246(a), 201-9.2.

First, Mr. Perrong has pled that he received nine calls from a number that employed an Automatic Telephone Dialing System in violation of 47 U.S.C. § 227(b)(1)(A)(iii). Each of those calls constitutes a violation of 47 U.S.C. § 227(b), entitling Mr. Perrong to $500 for each violation. *See* 47 U.S.C. § 227(c)(5)(B). Mr. Perrong has pled that the defendants both used "spoofed" numbers so the calls would appear to originate locally and ignored Mr. Perrong's numerous requests to stop calling. Compl. at ¶¶ 41, 44, 67, 76, 78, Doc. No. 1. Mr. Perrong has adequately pled that the defendants' conduct was knowing and willful. The Court awards treble damages for the defendants' violations of § 227(b). *Cf. Kline v. Jolayemi*, No. 4:22-CV-1823, 2024 WL 288989, at *1 (M.D. Pa. Jan. 25, 2024) (finding treble damages appropriate when granting default judgment in TCPA action where plaintiff pled defendants used "spoofing" technology and failed to provide plaintiff with requested do not call list). Thus, Mr. Perrong is entitled to $13,500 in trebled damages for the defendants' knowing and willful violations of 47 U.S.C. § 227(b).

Second, Mr. Perrong avers that the defendants knowingly and willfully violated three sections of the regulations implementing 47 U.S.C. § 227(c) every time they called him, specifically: 47 C.F.R. §§ 64.1200(c)(2) (calling a number on the national do-not-call registry), (d)(1) (failure to maintain a do-not-call policy), and (d)(6) (failure to maintain a do-not-call list). Telephone Consumer Protection Act "plaintiffs are entitled to compensation for each violation, not just each call." *Perrong v. MLA International, Inc.*, No. 6:20-cv-1606-RBD-EJK, 2022 WL 1238603, at *6 (M.D. Fla. Mar. 2, 2022) (citing *Lary v. Trinity Physician Fin.*, 780 F.3d 1101, 1106 (11th Cir. 2015)). The "knowing and willful" threshold for treble damages in this context merely "requires the violator to know he was performing the conduct that violates the statute." *Id.* (quoting *Lary*, 780 F.3d at 1107). Mr. Perrong has pled that his number was on the national do-not-call registry, and he repeatedly asked the defendants to stop calling him. Compl. at ¶ 78, Doc. No. 1. He also asked the defendants to place him on their do-not-call list, but he continued to receive calls. *Id.* at ¶ 62. Therefore, he has adequately pled that the defendants knew they were calling a number on the national do-not-call registry while failing to maintain either a do-not-call policy or a do-not-call list. Thus, he has adequately pled nine knowing and willful, three-fold violations of 47 U.S.C. § 227(c) as implemented by the above-listed regulations. The statutory damages for each violation are $500. Trebled, Mr. Perrong is entitled to $1500 times 27 violations, that is $40,500 for these violations.

Third, Mr. Perrong avers that the defendants' nine calls each violated the Pennsylvania Telemarketer Registration Act, enforceable under 73 Pa. Cons. Stat. § 201-9.2. Each of these violations entitles Mr. Perrong to $100, which the Court in its discretion trebles for the same reasons discussed above. *See* 73 Pa. Cons. Stat. § 201-9.2 (conferring discretion on the Court to award treble damages). Thus, Mr. Perrong is entitled to $2,700 in trebled damages for defendants' knowing and willful violations of Pennsylvania's Telemarketer Registration Act.

In sum: Mr. Perrong is entitled to $13,500 for § 227(b) violations, $40,500 for § 227(c) violations, and $2,700 for Telemarketer Registration Act violations, for $56,700 in total statutory damages.

[2]  Mr. Perrong argues that he is entitled to his $402 filing fee and $105 for effectuating service of process after the defendants failed to execute waivers, citing Federal Rule of Civil Procedure 4(d)(2). The $402 filing fee is sufficiently documented. *See* Doc. No. 3. However, Mr. Perrong merely asserts that "[s]ervice for the Defendants totaled $105, as evidenced by the returns of service." Decl. of Andrew Perrong

The Clerk of Court shall enter judgment in favor of Andrew Perrong and against HB North Wellness LLC and Hazel Brooks. The Clerk of Court is **INSTRUCTED** to mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:

**GENE E.K. PRATTER**
UNITED STATES DISTRICT JUDGE

---

at ¶ 7, Doc. No. 10-1. The Court cannot verify this assertion. *See* Summons Returned Executed at 3, 5, Doc. No. 5 (noting on a stamp and without explanation "Deposit Amounts" of $45 and $30). Thus, the Court declines to award the $105 fee for effectuating service of process.